**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LOUIS BANKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 25-1706 (UNA) |
| | ) |
| GLENN YOUNKIN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

This matter is before the Court on initial review of plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, and *pro se* complaint, ECF No. 1. The Court will grant the application and dismiss the complaint without prejudice.

Complaints filed by *pro se* litigants are held to "less stringent standards" than those applied to pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. FED. R. CIV. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). In addition, Rule 8(d) states that "[e]ach allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). "Taken together, [those provisions] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (cleaned up). The Rule 8 standard ensures that defendants receive fair notice of

the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of res judicata applies.  *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

As drafted, the complaint fails to meet the minimal pleading standard set forth in Rule 8(a).  It names as defendants officials of the governments of the District of Columbia, the State of Maryland, the Commonwealth of Virginia, and the United States, *see* Compl. at 2-5, cites myriad provisions of federal law, *see, e.g., id*. at 3, 6, and asserts in vague and conclusory fashion "malfeasance," *see, e.g., id*. at 6, and "conspiracy," *see, e.g., id.* at 7, by and among defendants.  And in the end, there is a demand for an award of $100 million, plus $200 million in punitive damages, for supposed violation of "democracy fundamental principle of liberty and justice which lies at base of all our civil and political insttitione [sic]," *id*. at 7.  The complaint fails to provide defendants with adequate notice of the claim(s) brought against them and fails to provide the Court with adequate basis to determine whether it has jurisdiction to consider plaintiff's claims.  The Court, therefore, will dismiss the complaint without prejudice.

A separate order will issue.

/s/
AMIT P. MEHTA
United States District Judge

DATE: June 18, 2025